UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH
CAROLINA WESTERN DIVISION
No. 5:20-cv-00539D

| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CLAIMANT'S ANSWER TO COMPLAINT FOR FORFEITURE *IN REM* |
| $115,413.00 IN U.S. CURRENCY, | |
| Defendant. | |
| RAMON L. LYON, | |
| Claimant. | |

Claimant Ramon Lyon, through counsel, hereby answers the allegations in the Government's Complaint for Forfeiture *in rem* as follows:

1. Claimant asserts that the allegations in paragraph 1 of the Complaint are a legal conclusion to which no response is required. To the extent that the Court requires a response, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

2. Claimant asserts that the allegations in paragraph 2 of the Complaint are legal conclusion to which no response is required. To the extent that the Court requires a response, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

3. In response to the allegations contained in paragraph 3 of the Complaint, Claimant admits the allegations contained therein.

4. In response to the allegations contained in paragraph 4 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

5. In response to the allegations contained in paragraph 5 of the Complaint, Claimant admits he is the Claimant in this action.

6. In response to the allegations contained in paragraph 6 of the Complaint, Claimant denies any allegations stated therein constitute probable cause for the seizure, arrest, and forfeiture of the defendant property and further denies they are sufficient to support a reasonable belief that the government will meet its burden of proof at trial that the defendant property should be forfeited. Claimant also denies these allegations are true and correct. In regards to the remaining allegations contained in paragraph 6 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

7. In response to the allegations contained in paragraph 7 of the Complaint, Claimant denies each and every allegation contained therein.

**Claimant denies any and all allegations not specifically admitted above.**

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that the seizure, disposal and arrest of the property claimed to be subject to forfeiture by plaintiff was made in violation of Claimant's Fourth Amendment rights and/or the Due Process Clause of the Fifth Amendment of the United States Constitution. Consequently, all of the evidence seized and the fruits thereof must be suppressed.

### SECOND AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Plaintiffs claim that defendant property is forfeitable pursuant to Title 21 U.S.C. § 88 l(a)(6) is a claim upon which relief cannot be granted because defendant property was not furnished or intended to be furnished in exchange for a controlled substance or proceeds traceable to any such exchange.

## THIRD AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant acted in good faith at all times relevant to the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Plaintiff's seizure of defendant property violates Claimant's Fourth Amendment right to be free from unreasonable search and seizure.

## FIFTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, the allegations contained in Plaintiff's complaint are wholly speculative, and are not supported by probable cause or even a reasonable suspicion that the defendant property was furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable to any such exchange.

## SIXTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant is an innocent owner of defendant property and is not aware that the property was in any way connected to illegal activity.

## SEVENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, the government cannot obtain a forfeiture judgment pursuant to the unclean-hands doctrine.

EIGHTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, the government is estopped from obtaining a forfeiture judgment because it obtained the seizure warrant through incorrect, misleading or incomplete allegations.

NINTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, the government cannot obtain a forfeiture judgment because it has not acted in good faith.

TENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that the Affidavit incorporated by reference in the Complaint are hearsay statements and Affiant lacks personal knowledge of the detention of Claimant, seizure of his property, and interrogation. Therefore, the Complaint does not state facts sufficient to state a claim for forfeiture of defendant property and is based almost entirely on hearsay.

ELEVENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that 21 U.S.C. § 881, 18 U.S.C. § 983(c)(1) and accompanying forfeiture provisions are unconstitutional and unenforceable, in that they constitute a denial of Claimant's due process and equal protection rights under the United States Constitution – the procedures used to adjudicate

4

Case 5:20-cv-00539-D   Document 14   Filed 03/15/21   Page 4 of 8

the seizure of the property should require the government to carry its burden by either beyond a reasonable doubt or by clear and convincing evidence rather than by a preponderance of the evidence. *See, e.g., Leonard v. Texas*, 580 U.S.\_\_\_\_\_ 2017, 137 S. Ct. 848 (denying cert., Statement of THOMAS, J.) (No. 16-122, March 6, 2017); *Santosky v. Kramer*, 455 U.S. 74559 (1982).

## TWELFTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, the Transportation Security Administration ("TSA") have policies or practices of seizing cash from travelers at airports without reasonable suspicion or probable cause and based solely on the amount of cash. TSA's policy or practice exceeds the agency's statutory authority and TSA's *ultra vires* and unconstitutional seizure of Claimant's and his property (currency) after the transportation security screening had concluded violated Claimant's Fourth Amendment right to be free from unreasonable seizures. Consequently, all of the evidence seized and the fruits thereof must be suppressed.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, forfeiture of the defendant's property (currency) would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and the proportionality standards of 18 U.S.C. § 983(g).

## FOURTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that the seizure and arrest of the property claimed to be subject to forfeiture was made in

violation of Article I, Section 1 and Section 8, Clause 18, of the United States Constitution, being founded upon an unlawful delegation of legislative power.

FIFTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, the profit incentive created by the federal asset forfeiture funds, specifically the Treasury Forfeiture Fund where Claimant's property would be deposited—which is not subject to Congressional appropriations, and can only be spent by law enforcement agencies for law enforcement purposes—violates Claimant's due process rights. The institutional profit incentive produced by these funds creates the realistic possibility of bias due to police and prosecutors' judgment being distorted by the prospect of institutional gain as a result of zealous enforcement. This creates an unacceptable risk of erroneous deprivation of Claimant's property and denies Claimant the impartial administration of justice by police and prosecutors, who are motivated by institutional financial gain to their departments. *See Marshall v. Jerrico, Inc.,* 446 U.S. 238, 250 (1980); *Harjo v. City of Albuquerque*, 326 F. Supp. 3d 1145, 1195 (D.N.M. 2018).

SIXTEENTH AFFIRMATIVE DEFENSE

Civil forfeiture of Claimant's property by the federal government pursuant to the federal equitable sharing program and through the actions of North Carolina law enforcement officers sworn to uphold the law of North Carolina who are federalized as task force officers—despite the unavailability of civil forfeiture under North Carolina state law—violates the principles of federalism embodied in the Tenth Amendment to the United States Constitution and is therefore null and void. *See Bond v. United States*, 564 U.S. 211 (2011).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Requiring Claimant to prove his own innocence to be protected by the "innocent owner" defense of CAFRA, 18 U.S.C § 983(D) violates his due process rights because requiring property owners to demonstrate their own innocence to secure the return of their property creates an unacceptable risk of erroneous deprivation. *See Nelson v. Colorado*, 137 S. Ct. 1249, 1255-57 (2017); *Harjo v. City of Albuquerque*, 307 F. Supp. 3d 1163, 1211 (D.N.M. 2018).

## RESERVATION OF RIGHTS

Claimant reserves the right to assert additional affirmative defenses or amend these affirmative defenses as discovery warrants.

PLEASE TAKE NOTICE THAT **CLAIMANT DEMANDS TRIAL BY JURY** OF ALL DEFENSES RAISED HEREIN AND ALL ISSUES SO TRIABLE.

WHEREFORE, Claimant Ramon Lyon prays that this Court will:

1. Dismiss plaintiff's Complaint and enter a judgment on behalf of Claimant.

2. Order that all property seized, and the fruits thereof, be suppressed as evidence in this case, and order that all items seized from Claimant's possession, actual or constructive, be suppressed as evidence in this and any other proceeding.

3. Order that all of defendant property be released and surrendered to Claimant.

4. Deny issuance of a certificate of probable cause pursuant to 28 U.S.C. § 2465 and award costs and attorney fees to Claimant.

5. Provide such other and further relief as this Court deems proper and just.

Respectfully submitted, this the 15th day of March, 2021.

PRUDEN LAW, PLLC

/s/ William C. Pruden
William C. Pruden
N.C. State Bar # 52690
1052 Mills Street
Raleigh, NC 27608
(252) 339-3355 (TEL)
(984) 214-8640 (FAX)
william.pruden@prudenlawfirm.com
*Attorney for Claimant*

THE LAW OFFICE OF PAIGE FELDMANN, PLLC

/s/ Paige D.M. Feldmann
Paige D.M. Feldmann
N.C. State Bar # 50698
421 Fayetteville St. Ste. 1100
Raleigh, NC 27601
(919) 747-3244 (TEL)
(919) 882-1323 (FAX)
hello@paigefeldmannlaw.com
*Attorney for Claimant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date shown below he electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to Assistant United States Attorney Matthew Fesak.

This the 15th day of March, 2020.

/s/ William C. Pruden
William C. Pruden