IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-539-D

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| $115,413.00 in U.S. Currency, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the Government's motion to compel responses to interrogatories and requests for production from Claimant Ramon L. Lyon. [DE-78]. No response to the motion was filed, and the time to do so has expired. For the reasons set forth below, the motion to compel is allowed.

I. **Background**

This forfeiture action was filed after $115,413.00 in U.S. Currency was seized from Lyon at the RDU Airport. Compl. [DE-1]; Seizure Decl. [DE-1-1]. TSA Officers discovered a large amount of bulk currency concealed under the plastic liner in Lyon's carry on luggage, a strong odor of marijuana emanated from the luggage, and a bundle of unwrapped money was found among Lyon's clothes. Seizure Decl. [DE-1-1] ¶ 10. When interviewed, Lyon stated he had $60,000, which was proceeds from an internet sweepstakes operation, and he was traveling to California to purchase land. *Id.* ¶¶ 12–13. Lyon later told a different officer that he had $100,000 and was traveling to California to purchase video poker machines. *Id.* ¶ 14. Lyon initially agreed to abandon the currency, *id.* ¶ 15, but subsequently filed a claim in this action asserting ownership and seeking return of the currency, [DE-5].

The Government filed the instant motion to compel seeking responses to a limited number of discovery requests that were served on June 28, 2023. Gov't Mot. [DE-79] at 3. On July 29, 2023, Claimant provided an unsigned, unverified partial response to Interrogatory No. 20 but failed to lodge an objection or to otherwise respond to the remainder of the discovery requests. *Id.* at 4. Despite requests from the Government attempting to obtain a complete response, Claimant provided nothing further. *Id.* at 4–5.

## II. Discussion

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery upon each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26–37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC,* No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (quoting *Merrill v. Waffle House, Inc.,* 227 F.R.D. 467, 473 (N. D. Tex. 2005)); *see also Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders,* 437 U.S. 340, 351 (1978)). The district court has broad

2

discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory or to produce or make available for inspection requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). However, the Federal Rules also provide that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection*, 270 F.R.D. at 240 (citation omitted).

The Government seeks to compel a complete response to Interrogatory No. 20 and Request for Production of Documents Nos. 21, 22, and 23. Gov't Mem., Ex. A [DE-79-1]. These requests seek information about the purported source of the seized currency, i.e., Claimant's sweepstakes business, and personal and business tax returns. *Id.* The court has reviewed the discovery requests and finds them to be within the permissible scope of discovery. Further, because Claimant did not

3

fully respond to the Government's discovery requests in a timely manner, any objections to the relevance or scope of the requests are waived. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). However, the court will permit Claimant to assert any valid claim of privilege in conformity with Fed. R. Civ. P. 26(b)(5)(A). Claimant shall provide complete responses to the discovery requests by no later than **October 6, 2023**. Claimant is cautioned that a failure to participate in discovery or to comply with the court's order may result in sanctions including dismissal of his claim. *See* Fed. R. Civ. P. 37(b), (d).

### III. Conclusion

For the reasons stated herein, the motion to compel [DE-78] is allowed.

SO ORDERED, the 21 day of September, 2023.

Robert B. Jones, Jr.
United States Magistrate Judge