IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-00539-D

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | UNITED STATES' |
| v. ) | MEMORANDUM IN SUPPORT |
| ) | OF MOTION FOR SANCTIONS |
| $115,413.00 IN U.S. CURRENCY, ) | |
| ) | |
| Defendant. ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, respectfully submits this Memorandum in Support of its Motion for Sanctions.

## I.     Statement of Case and the Facts

On June 3, 2020, $115,413.00 in U.S. Currency was seized from Claimant Ramon Lyon at RDU Airport prior to boarding a flight to California. The currency was artfully concealed beneath the bottom liner of Claimant's carry-on bag, which reeked of marijuana. The currency was seized as suspected drug proceeds. Claimant stated at the time, and continues to maintain, that the cash was the proceeds of a sweepstakes business that he operated and was intended to purchase Fish Tables in California for that business.

As result of the seizure of the currency, the Unites States filed a Complaint for Forfeiture *in Rem* against the $115,413.00 in U.S. Currency on October 9, 2020. The Court entered its first Scheduling Order on May 19, 2021 [DE-24], and the United

States served Claimant with its First Set of Interrogatories and Requests for Production of Documents (not at issue in this motion) on August 23, 2021. However, Claimant never answered these discovery requests and eventually moved (without opposition from the Government) for a stay of discovery until the Court issued a decision on a then-pending motion to dismiss [DE-32], followed by a second stay of discovery pending the Court's decision on a motion to suppress [DE-60].

Following the denial of Claimant's motion to suppress, the Court reopened discovery and issued its third Scheduling Order on May 22, 2023 [DE-77]. On June 28, 2023, the Government served Claimant with its Second Set of Interrogatories and Requests for Production of Documents. Claimant failed to respond to these discovery requests except for his attorney sending an unsigned and unverified email that was only partially responsive to Interrogatory No. 20. On August 16, 2023, the Government filed a motion to compel [DE-78], and Claimant did not respond to the motion. On September 21, 2023, the Court issued an Order [DE-81] finding that the Government's discovery requests were within the permissible scope of discovery, that Claimant had waived any objections by his failure to timely respond, and ordering Claimant to "provide complete responses to the discovery requests by no later than **<u>October 6, 2023</u>**" – a deadline that was 15 days after the Order issued, 51 days after the Government filed its motion to compel, and a full *100 days* after discovery was first served on Claimant. The Court also warned Claimant that "a failure to participate in discovery or to comply with the court's order may result in sanctions including dismissal of his claim." [DE-81, at 4].

2

Case 5:20-cv-00539-D   Document 85   Filed 10/18/23   Page 2 of 9

The day after the Court's order was entered, Claimant's counsel sent a text message indicating "Lyon came by the office earlier this week and I'll follow up with him today." Later that day, Claimant's counsel followed up with another message indicating "Lyon has everything requested but will not be back until Wednesday." The following Wednesday, September 27, Claimant's counsel sent another text message indicating "All … Lyon need[s] to do now is sign." On Thursday, counsel stated again "Lyon is out of town until tomorrow…" The next day, counsel messaged "Lyon is still out of town and I have plans this afternoon. Can I get him to sign over the weekend? Literally that's it for him."[1]

The following week, on Wednesday October 4, Government counsel sent Claimant's counsel a text message asking "Any update on Lyon?" Claimant's counsel responded "Meeting with him this afternoon." On the deadline of Friday, October 6, at 1:05 p.m., Claimant's counsel sent a text message indicating merely "Lyon is still out of town."[2] More than one additional week has passed since the Court-imposed deadline, during which time Claimant's counsel has neither provided the discovery as ordered or made any further communications concerning the matter.

---

[1] At some point subsequent to this exchange, counsel spoke telephonically at which point Government counsel explained that Claimant had until October 6 to provide the discovery as per the Court order, and while there was no expectation of receiving it early there could be adverse consequences if that deadline was missed. Government counsel also explained that Claimant could sign and return the verification via FedEx within the time remaining to comply with the Court's Order even if he was out of town.

[2] Undersigned counsel for the Government was on leave in the mountains out of cell phone range at the time and did not respond to this message.

## II. Argument

Rule 37 provides for a range of sanctions, up to and including striking a claim and entering a default judgment against the defendant currency. See Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). "Instead of or in addition to" any of these sanctions, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3) (emphasis added). In determining the appropriate sanctions to impose under Rule 37, a Court must consider four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would [be] effective." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (internal quotation marks and citation omitted).

First, the record of this case makes clear that Claimant is not pursuing his claim in good faith and would rather engage in motions practice than participate in merits discovery. Claimant has filed (and lost) two potentially dispositive motions—a motion to dismiss [DE-25] and a motion to suppress [DE-43]—and has sought or joined in a motion to stay discovery during the pendency of each. Indeed, it is only because the Government requested (and the Court ordered) that the Government's First Set of Interrogatories and Requests for Production be exempted from the second stay that the Government finally received some partially responsive answers nearly

4

Case 5:20-cv-00539-D    Document 85    Filed 10/18/23    Page 4 of 9

a year after those initial discovery requests were served and just a week or so before the Court held an evidentiary hearing on the motion to suppress. When Claimant subsequently testified at the evidentiary hearing on February 8, 2023, the Court explicitly found that "Lyon was not a credible witness" [DE-75, at 2]. This further demonstrates a pattern that Claimant is eager to invoke the Court's jurisdiction to seek relief, but then does not submit to playing by the rules. Now that his motion to suppress has been denied and discovery has reopened, Claimant continues to resist producing information that he has been on notice that the Government would seek since 2021.[3] And although (at least as represented by his counsel) "[a]ll … Lyon need[s] to do now is sign," he apparently cannot be bothered to do so in light of his purported travel schedule or else is simply unwilling to place himself in jeopardy by attesting to the responses. Such obstructive gamesmanship over two years of protracted litigation is indicative of bad faith and warrants the commensurately harsh response of striking Claimant's claim.

Second, the Government is significantly prejudiced by Claimant's defiance of the Order compelling discovery. The information sought in the discovery requests that Claimant refuses to answer is of the most fundamental character. The

---

[3] As explained in the Government's memorandum in support of its motion to compel [DE-79], the Government first served its First Set of Interrogatories and Requests for Production of Documents on August 23, 2021, but then re-served the same requests on February 8, 2022, after discovery was reopened following the lifting of the first stay. The Government's Second Set of Interrogatories and Requests for Production of Documents served on June 28, 2023, sought information that overlapped with requests made in the First Set, but was intended to be more focused and avoid a discovery dispute over the sufficiency of Claimant's first discovery responses.

Government is unable even to ascertain whether to amend the pleadings or obtain an expert report without this information, which has necessitated the filing of yet another motion to extend discovery deadlines [DE-82]. Additionally, the Government needs the information sought in order to identify material witnesses to interview and/or depose, as well as to prepare adequately for a deposition of the Claimant himself. Without these discovery responses from Claimant, the Government is handicapped in pursuing its case to such an extent that the fair and appropriate remedy is to strike Claimant's claim and bring this protracted litigation with an incredible and uncooperative Claimant to an end.

Third, the goals of specific and general deterrence warrant the imposition of a severe sanction in this case. Although this is the first time that Claimant has violated a Court Order, his unwillingness to play by the rules has been evident throughout this litigation. Moreover, this pattern extends to other cases in which the same attorneys represent other Claimants, which have also necessitated the filing of motions to compel discovery and a motion for sanctions in the past few months. *See United States v. $35,835.00 in U.S. Currency*, No. 5:20-CV-508-BO [DE-45] (E.D.N.C. June 26, 2023) (motion to compel due to Claimant walking out of deposition without justification, together with a motion for sanctions for the same conduct); *id.*, [DE-51] (E.D.N.C. July 7, 2023) (order granting motion to compel but denying motion for sanctions)[4]; *United States v. $66,899.00 in U.S. Currency*, No. 5:22-CV-34-D [DE-27]

---

[4] Notably, although the claimant in *$35,835* was compelled to attend his deposition in Raleigh, he failed to show on the designated date, claiming that he missed his flight

(E.D.N.C. Oct. 16, 2023) (motion to compel due to Claimant's failure to respond to written discovery despite repeated opportunities). Accordingly, a sanction that sends a clear and strong message that will deter this kind of recurring, obstructive behavior is needed.

Finally, as explained above, Claimant has had ample opportunities—over the course of *years*—to cooperate in discovery and to testify truthfully in this case. At every turn, he has consistently failed to do so, and providing him with still more chances is unlikely to produce a different result. Accordingly, a less drastic sanction would not be effective, and the *Southern States* factors warrant the sanction of striking Claimant's claim.

### III. Conclusion

WHEREFORE, pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, Plaintiff requests that the Court impose sanctions against Claimant on account of his failure to comply with his discovery obligations and flouting the Court's Order Compelling Discovery [DE-81], including but not limited to striking his claim and entering judgment by default.

*[Remainder of page intentionally left blank.]*

---

from New York. Government counsel subsequently arranged to travel to and depose Claimant in New York to avoid further delays.

Respectfully submitted, this 18th day of October, 2023.

                                      MICHAEL F. EASLEY, JR.
                                      United States Attorney

                                      BY: /s/ Matthew L. Fesak
                                          MATTHEW L. FESAK
                                      Assistant United States Attorney
                                      150 Fayetteville Street, Ste. 2100
                                      Raleigh, NC 27601-1461
                                      Telephone: (919) 856-4530
                                      Facsimile: (919) 856-4821
                                      E-mail: matthew.fesak@usdoj.gov
                                      NC State Bar No. 35276
                                      Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I do hereby certify that I have this 18th day of October, 2023, served a copy of the foregoing United States' Memorandum in Support of Motion for Sanctions upon the below-listed counsel via CM/ECF:

William C. Pruden, Esq.
Email: William@prudenfeldmannlaw.com

Chad E. Axford, Esq.
Email: ceaesq@hotmail.com
*Attorneys for Claimant Sami Nagi*

        MICHAEL F. EASLEY, JR.
        United States Attorney

        BY: /s/ Matthew L. Fesak
            MATTHEW L. FESAK
        Assistant United States Attorney
        Civil Division
        150 Fayetteville Street, Ste. 2100
        Raleigh, NC 27601-1461
        Telephone: (919) 856-4530
        Facsimile: (919) 856-4821
        E-mail: matthew.fesak@usdoj.gov
        NC State Bar No. 35276
        Attorney for Plaintiff